# United States Court of Appeals
## *for the*
## Third Circuit

Case No. 22-1223

RALPH TREY JOHNSON; CLAUDIA RUIZ; JACOB WILLEBEEK-LEMAIR; NICHOLAS LABELLA; ALEXA COOKE, STEPHANIE KERKELES; RHESA FOSTER; ESTEBAN SUAREZ; ZACHARY HARRIS; LAURA HAMILTON; MATTHEW SCHMIDT; LIAM WALSH; GINA SNYDER; TAMARA SCHOEN, Individually and on Behalf of All Persons Similarly Situated,

*Appellees,*

– v. –

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, also known as the NCAA, and the Following NCAA Division I Member Schools as Representatives of a Defendant Class of All Private and Semi-Public NCAA Division I Member Schedules; DREXEL UNIVERSITY; LAFAYETTE COLLEGE; VILLANOVA UNIVERSITY; UNIVERSITY OF PENNSYLVANIA; CORNELL UNIVERSITY; SACRED HEART UNIVERSITY; FORDHAM UNIVERSITY; UNIVERSITY OF OREGON; TULANE UNIVERSITY; UNIVERSITY OF ARIZONA; PURDUE UNIVERSITY; DUKE UNIVERSITY; MARIST COLLEGE National Collegiate Athletic Association; Cornell University; Fordham University; Lafayette College; Sacred Heart University; Villanova University,

*Appellants.*

ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SUR-REPLY BRIEF FOR APPELLEES**

PAUL L. MCDONALD, ESQ.
1800 John F. Kennedy Boulevard,
　Suite 300
Philadelphia, Pennsylvania 19103
(267) 238-383
paul@plmcdonaldlaw.com

MICHAEL J. WILLEMIN
RENAN VARGHESE
WIGDOR LLP
85 Fifth Avenue, 5th Floor
New York, New York 10003
(212) 257-6800
mwillemin@wigdorlaw.com
rvarghese@wigdorlaw.com

*Attorneys for Appellees*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................1

ARGUMENT ..........................................................................................................1

I.    APPELLANTS' ATTEMPT TO SUPPORT THE SEVENTH CIRCUIT'S REASONING IN <u>VANSKIKE</u> MISCHARACTERIZES THE LAW AND APPELLEES' ARGUMENTS .............................................1

II.   APPELLANTS' CASE DOES NOT SUPPORT THEIR CLAIM THAT THEIR COMPENSATION PRACTICES SHOULD BE IMMUNE FROM THE TYPE OF MULTIFACTOR TEST THAT COURTS ALMOST UNIVERSALLY APPLY TO DETERMINE WHETHER INDIVIDUALS ARE EMPLOYEES ...............................................................3

CONCLUSION .......................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

Cases

Arellano v. Vo,
  No. G04439, 2012 WL 748759 (Cal. App., Mar. 07, 2012) .................................7

Babych v. Psychiatric Solutions, Inc.,
  No. 09 C 800, 2011 WL 5507374 (N.D. Ill., Nov. 09, 2011) ...............................6

Benjamin v. B & H Educ., Inc.,
  877 F.3d 1139 (9th Cir. 2017) ..............................................................................7

Berger v. National Collegiate Athletic Ass'n,
  843 F.3d 285 (7th Cir. 2016) ............................................................................1, 2

Brown v. Club Assist Road Service U.S., Inc.,
  No. 12 Civ. 571, 2013 WL 5304100 (N.D. Ill., Sep. 19, 2013) ...........................5

Compton v. DuPage Cty. Health Dep't.,
  426 F.Supp.3d 539 (N.D. Ill. 2019) ......................................................................6

Hefferman v. Illinois Community College Dist. No. 508,
  No. 00 Civ. 079, 2000 WL 631309 (N.D. Ill., May 16, 2000) .............................5

Heuberger v. Smith,
  No. 3:16 Civ. 386 (JD)(JE), 2017 WL 3923271 (N.D. Ind., Sep. 07, 2017) .........6

Hollins v. Regency Corp.,
  144 F. Supp. 3d 990 (N.D. Ill. 2015) ....................................................................6

In re FedEx Ground Package System, Inc., Employment Practices Litigation,
  662 F.Supp.2d 1069 (N.D. Ind. 2009) ..................................................................6

Jackson v. Leader's Institute, LLC,
  No. 14 Civ. 00193 (TWP)(DML), 2015 WL 7573228 (S.D. Ind., Nov. 24, 2015)5

Labriola v. Clinton Entertainment Management, LLC,
  No. 15 Civ. 412, 2016 WL 1106862 (N.D. Ill., Mar. 22, 2016) ............................5

Mayer v. Waste Management, Inc.,
   No. 21 Civ. 0984 (BHL), 2022 WL 1213008 (E.D. Wis. Apr. 25, 2022)..............6

National Collegiate Athletic Ass'n v. Alston,
   141 S. Ct. 2141 (2021)..........................................................................7, 8

Olivas v. A Little Havana Check Cash, Inc.,
   324 Fed. App'x 839 (11th Cir. 2009) ................................................................7

Piazza v. New Albertsons, LP,
   No. 20 Civ. 03187, 2021 WL 365771 (N.D. Ill. Feb. 3, 2021) ..............................5

Senne v. Kansas City Royals Baseball Corp.,
   No. 14 Civ. 00608 (JCS), 2022 WL 783941 (N.D. Cal. Mar. 15, 2022) ...............6

Simpkins v. DuPage Housing Auth.,
   893 F.3d 962 (7th Cir. 2018) .............................................................................5

Solis v. Intern. Detective & Protective Service, Ltd.,
   819 F.Supp.2d 740, 752 (N.D. Ill. 2011)............................................................5

Steelman v. Hirsch,
   473 F.3d 124 (4th Cir. 2007) .............................................................................7

Vanskike v. Peters,
   974 F.2d 806 (7th Cir. 1992) ..................................................................... *passim*

Zheng v. Liberty Apparel Co. Inc.,
   355 F.3d 61 (2nd Cir. 2003) ..............................................................................4

Rules

Federal Rule of Appellate Procedure 28(c) ............................................................1

**PRELIMINARY STATEMENT**

Plaintiffs-Appellees Ralph Johnson, Stephanie Kerkeles, Nicholas Labella, Claudia Ruiz, Jacob Willebeek-LeMair, Alexa Cooke, Rhesa Foster, Laura Hamilton, Zachary Harris, Matthew Schmidt, Tamara Schoen, Gina Snyder, Esteban Suarez and Liam Walsh ("Appellees"), by and through their undersigned counsel and pursuant to Federal Rule of Appellate Procedure 28(c), respectfully request leave to file this Sur-Reply to Defendants-Appellants' ("Appellants") Reply Brief.

**ARGUMENT**

**I. APPELLANTS' ATTEMPT TO SUPPORT THE SEVENTH CIRCUIT'S REASONING IN VANSKIKE MISCHARACTERIZES THE LAW AND APPELLEES' ARGUMENTS**

In their moving brief appealing the District Court's decision denying their motion to dismiss, Appellants argued, as they had before the District Court, and as they had before another court in this Circuit, that they are immune from the type of multi-factor test that is applied to nearly every industry and employment situation in the country. See Johnson, et al. v. NCAA, et al., No. 22-1223, Dkt. No. 17 at p. 38 (2d Cir.), Johnson, et al. v. NCAA, et al., No. 19 Civ. 05230, Dkt. 25 at pp. 6-16; Livers v. Nat'l Collegiate Athletic Ass'n, et al., No. 17 Civ. 4271 (E.D. Pa. May 17, 2018) at Dkt. Nos. 23 and 24. The sole legal justification for their argument cited in their opening brief was the Seventh Circuit's decision in Berger

1

v. National Collegiate Athletic Ass'n, 843 F.3d 285 (7th Cir. 2016). However, Berger relies exclusively on the Seventh Circuit's decision in Vanskike v. Peters, 974 F.2d 806 (7th Cir. 1992). Indeed, Appellants conceded as much when they state that, "Berger cites Vanskike for the proposition '[w]e have declined to apply multifactor tests in the employment setting when they 'fail to capture the true nature of the relationship' between the alleged employee and the alleged employer.'" Dkt. No. 53 at p. 16 (emphasis added) (citing Berger, 843 F.2d at 291).

As a result, the parties in both Livers[1] and before the District Court below thoroughly addressed the applicability of Vanskike to the Appellants' motion to dismiss. See generally Dkt. Nos. 28, 39, 42 and 43; Livers at Dkt. Nos. 37, 39, 41 and 42. Despite undoubtedly knowing the centrality of Vanskike's analysis to their appeal, Appellants made the calculated decision to omit any direct reference to Vanskike in their opening brief, improperly choosing instead to ambush Plaintiff with arguments about Vanskike in their reply papers.

Importantly, however, Appellants' arguments about Vanskike in their reply papers were already considered, and rejected by the District Court, see Dkt. No. 42 (as well as the Livers court, see Dkt. No. 42).

---

[1] Notably, Appellants in the instant case were largely the same schools and universities as defendants in Livers, and were represented by Constangy, Brooks, Smith & Prophete LLP, as they are here.

2

Moreover, Appellants misrepresent both the case law and Appellees' arguments, warranting the instant sur-reply brief.

## II. APPELLANTS' CASE LAW DOES NOT SUPPORT THEIR CLAIM THAT THEIR COMPENSATION PRACTICES SHOULD BE IMMUNE FROM THE TYPE OF MULTIFACTOR TEST THAT COURTS ALMOST UNIVERSALLY APPLY TO DETERMINE WHETHER INDIVIDUALS ARE EMPLOYEES

Appellants incorrectly claim that Vanskike "has two key holdings." Dkt. No. 53 at p. 14. According to Appellants, Vanskike held that "multi-factor tests are not always appropriate to capture economic reality" and, separately, that "no multi-factor test adequately captures the economic reality of prison labor." Id. Appellants claim that these two holdings are completely independent of one another and that the fact that the Thirteenth Amendment unquestionably does not apply in the instant case does not undermine Vanskike's (and therefore Berger's) relevance to the instant case. Appellants misstate the law.

Contrary to what Appellants claim, Vanskike does not have two separate holdings. It has one holding—namely, that multifactor tests are not always appropriate to capture the economic reality of a relationship specifically *because* the Thirteenth Amendment constitutionally preempted the application of general employment principles, including the use of a multifactor test. As the Vanskike court explained:

> Can this prisoner plausibly be said to be "employed" in the relevant sense at all? Consider a literal application of

3

> the *Bonnette* factors in the present context. The [Department of Corrections] might be said to have "had the power to hire and fire" Vanskike; it surely "supervised and controlled" his schedule and work conditions, determined his pay and (presumably) kept work records. ***But the Bonnette factors fail to capture the true nature of the relationship for essentially they presuppose a free labor situation. Put simply, the DOC's "control" over Vanskike does not stem from any remunerative relationship or bargained-for exchange of labor for consideration, but from incarceration itself.*** The control that the DOC exercises over a prisoner is nearly total, and control over his work is merely incidental to that general control. Indeed, ***the Thirteenth Amendment's specific exclusion of prisoner labor supports the idea that a prisoner performing required work for the prison is actually engaged in involuntary servitude, not employment***.

Vanskike, 974 F.2d at 809 (emphasis added). In other words, it is "***the Thirteenth Amendment's specific exclusion of prisoner labor***" that makes the application of a multifactor test inappropriate. Thus, Appellants are wrong that Appellees are falsely attempting to compare themselves with prisoners. Rather, Appellees' argument, which Appellants do not dispute, is that the NCAA has not cited to any legal or constitutional framework—such as the Thirteenth Amendment—that excludes them from the application of a multifactor test to determine whether they are employees.

Indeed, when viewed in this context, it is clear that Appellants' case law is simply inapplicable here, as most of the cases occurred after summary judgment or themselves involved the application of a multifactor test. See, e.g., Zheng v.

4

Liberty Apparel Co. Inc., 355 F.3d 61, 68 n.2 (2nd Cir. 2003) (*reversing* grant of summary judgment in favor of employer and remanding with instructions for the district court to consider at least six factors in determining whether the plaintiff had established an employee-employer relationship); Piazza v. New Albertsons, LP, No. 20 Civ. 03187, 2021 WL 365771, at *4 (N.D. Ill. Feb. 3, 2021) (*denying motion to dismiss* based on application of multifactor test); Brown v. Club Assist Road Service U.S., Inc., No. 12 Civ. 571, 2013 WL 5304100, at *5 (N.D. Ill., Sep. 19, 2013) (same); Solis v. Intern. Detective & Protective Service, Ltd., 819 F.Supp.2d 740, 752 (N.D. Ill. 2011) (granting *the plaintiff's motion for summary judgment* based on the application of a multifactor test); Hefferman v. Illinois Community College Dist. No. 508, No. 00 Civ. 079, 2000 WL 631309, *2 (N.D. Ill., May 16, 2000) (denying motion to dismiss because "considering that the only argument by the defendants is that Hefferman is an independent contractor based on the "Independent Contractor Invoice," the court denies the defendants' motion to dismiss"); Labriola v. Clinton Entertainment Management, LLC, No. 15 Civ. 412, 2016 WL 1106862, at *3 (N.D. Ill., Mar. 22, 2016) (citing Vanskike for the proposition that "courts to look at the 'economic reality' of the working relationship to determine whether an individual is an employee," *but nevertheless applying a multi-factor test*); Simpkins v. DuPage Housing Auth., 893 F.3d 962, 965-66 (7th Cir. 2018) (same); Jackson v. Leader's Institute, LLC, No. 14 Civ.

00193 (TWP)(DML), 2015 WL 7573228 (S.D. Ind., Nov. 24, 2015) (same); Senne v. Kansas City Royals Baseball Corp., No. 14 Civ. 00608 (JCS), 2022 WL 783941, at *34-36 (N.D. Cal. Mar. 15, 2022) (same). Hollins v. Regency Corp., 144 F. Supp. 3d 990, 1007 (N.D. Ill. 2015), aff'd, 867 F.3d 830 (7th Cir. 2017) (applying Glatt multifactor test to determine whether students were employees); Compton v. DuPage Cty. Health Dep't., 426 F.Supp.3d 539 (N.D. Ill. 2019) (in granting *summary judgment,* explaining that a court "may" disregard a multifactor test if the defendant did not exert enough control over the plaintiff to be an employer); In re FedEx Ground Package System, Inc., Employment Practices Litigation, 662 F.Supp.2d 1069, 1083 (N.D. Ind. 2009) (denying class certification because of disputes concerning facts relevant to a multifactor test); Mayer v. Waste Management, Inc., No. 21 Civ. 0984 (BHL), 2022 WL 1213008, at *4 (E.D. Wis. Apr. 25, 2022) (granting motion to dismiss after considering factual issues such as, *inter alia*, that "USAWM cannot hire or fire WMWI employees and does not control wage, hour, or personnel decisions" related to the plaintiff); Babych v. Psychiatric Solutions, Inc., No. 09 C 800, 2011 WL 5507374, at *7-8 (N.D. Ill., Nov. 09, 2011) (applying a multifactor test to grant motion for conditional certification); Heuberger v. Smith, No. 3:16 Civ. 386 (JD)(JE), 2017 WL 3923271, at *10 (N.D. Ind., Sep. 07, 2017) (applying multifactor test to determine existence

of employment relationship); Benjamin v. B & H Educ., Inc., 877 F.3d 1139 (9th Cir. 2017) (granting summary judgment without citing to Vanskike at all).

Those cases cited by Appellants that did not apply a multifactor test are also readily distinguishable. See, e.g., Steelman v. Hirsch, 473 F.3d 124, 128 (4th Cir. 2007) (finding that a partner was not an employee at *summary judgment* because the plaintiff did not dispute that partners in "a business are not covered by the FLSA"); Olivas v. A Little Havana Check Cash, Inc., 324 Fed. App'x 839, 846 n.6 (11th Cir. 2009) (noting that multifactor tests cannot always be applied to determine whether an individual rather than a corporation is an employer under the FLSA); Arellano v. Vo, No. G04439, 2012 WL 748759, at *7 (Cal. App., Mar. 07, 2012) (refusing to apply a multifactor test to determine whether an individual is an employer under the FLSA *after trial*).

As a result, Appellants' case law is misleading and cannot be used to insulate them from liability. See, again, Dkt. No. 42; Livers at Dkt. No. 42 (both refuting the same (or similar) misleading case law cited by Appellants).

Appellants are once again claiming that their compensation practices should be immune from the type of legal analysis—e.g. the application of a multifactor test—that is applied across virtually every industry in America. However, the Supreme Court has fatally undermined this very argument in National Collegiate Athletic Ass'n v. Alston, 141 S.Ct. 2141 (2021) where it explicitly rejected the

7

NCAA's argument that "courts must reflexively reject all challenges to the NCAA's compensation restrictions" based on the NCAA's circular reference to student-athletes as "amateurs." Id. at 2157-58. This Court should follow suit and allow the parties to establish the existence of an employment relationship between the NCAA and student-athletes during discovery, a finding that would be consistent with the law.

## **CONCLUSION**

For the foregoing reasons, the Court should affirm the judgment below and remand this case for discovery.

Dated: August 25, 2022
      New York, New York         Respectfully submitted,

**WIGDOR LLP**

By: \_\_/s/ Michael J. Willemin\_\_\_\_
     Michael J. Willemin
     Renan F. Varghese

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
rvarghese@wigdorlaw.com

AND

**P L MCDONALD LAW LLC**

Paul L. McDonald
1800 JFK Boulevard, Suite 300
Philadelphia, PA   19103
Tel:   (267) 238-3835
Fax:   (267) 238-3801
paul@plmcdonaldlaw.com

*Attorneys for Plaintiffs-Appellees*

9

## CERTIFICATION OF ADMISSION TO BAR

I, Michael J. Willemin, certify as follows:

1. I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

By: __/s/ Michael J. Willemin____
　　Michael J. Willemin

**CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a) AND LOCAL RULE 31.1**

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify the following:

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because this brief contains 1,754 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using the 2008 version of Microsoft Word in 14 point Times New Roman font.

This brief complies with the electronic filing requirements of Local Rule 31.1(c) because the text of this electronic brief is identical to the text of the paper copies, and the Vipre Virus Protection, version 3.1 has been run on the file containing the electronic version of this brief and no viruses have been detected.

Dated: August 25, 2022

By: __/s/ Michael J. Willemin____
Michael J. Willemin

# CERTIFICATE OF FILING AND SERVICE

I, Michael J. Willemin, hereby certify pursuant to Fed. R. App. P. 25(d) that, on August 25, 2022, the foregoing Sur-Reply Brief was filed through the CM/ECF system and served electronically.

Unless otherwise noted, four copies will be filed with the Court within the time provided in the Court's rules via Express Mail.

By: __/s/ Michael J. Willemin____
    Michael J. Willemin
    Renan F. Varghese

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
rvarghese@wigdorlaw.com

AND

**P L MCDONALD LAW LLC**

Paul L. McDonald
1800 JFK Boulevard, Suite 300
Philadelphia, PA   19103
Tel:   (267) 238-3835
Fax:   (267) 238-3801
paul@plmcdonaldlaw.com

*Attorneys for Plaintiffs-Appellees*