

2029 Century Park East, Suite 1100
Los Angeles, CA  90067
Telephone: 310.909.7775
constangy.com

skatz@constangy.com
310.597.4553

March 7, 2023

<u>VIA CM/ECF</u>

Hon. L. Felipe Restrepo
Hon. Theodore A. McKee
Hon. David J. Porter
United States Court of Appeals for the Third Circuit
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA  19106

Re:   *Johnson*, et al. *v. The National Collegiate Athletic Ass'n*, et. al. (Case No. 22-1223)

To the Honorable Court:

Appellants submit the following pursuant to FED. R. APP. PROC. 28(j):

In *Helix Energy Solutions Group, Inc. v. Hewitt,* 598 U.S. –, 2023 WL 2144441 (Feb. 22, 2023), the Supreme Court reiterated that the language of the Fair Labor Standards Act is to be given its "ordinary" or "standard meaning"—the "most natural one"—so that it "reflects what people ordinarily think" at "the FLSA's beginnings." *Id.* at *7-8, *10. This is so regardless of whether there exist "'formidable policy arguments,'" which "'cannot overcome a clear' textual directive." *Id.* at *10 (*quoting* *BP p.l.c. v. Mayor and City Council of Baltimore,* 593 U. S. –,141 S.Ct. 1532, 1541–42 [2021]).

*Helix Energy Solutions* supports Appellants' argument that the "ordinary, contemporary meaning of the text of the FLSA" (3d Cir. ECF 17, p. 41) makes a compensation bargain (in some form) essential to any employment relationship, and where—as here—such a bargain *cannot* exist, no employment relationship can be established, regardless of

Alabama   Arkansas   California   Colorado   Florida   Georgia   Illinois   Massachusetts   Minnesota
Missouri   New Jersey   New York   North Carolina   South Carolina   Tennessee   Texas   Virginia

9212481v1

Hon. L. Felipe Restrepo  Constangy, Brooks, Smith & Prophete, LLP
Hon. Theodore A. McKee
Hon. David J. Porter
March 7, 2023
Page 2

perceived equities or policy objectives. (*See id.*, pp. 41-50; 3d Cir. ECF 53, pp. 19-25.)

Respectfully submitted,

Steven Katz

SBK:pc